Taylor *v.* Day & al.

## TAYLOR *vs.* DAY *& al.*

A trustee who has once been examined and charged as trustee in the original suit, cannot be again examined on *scire facias*, even to correct an error in the judgment upon his former disclosure.

In a *scire facias* against two trustees, it appeared that *Turner*, one of the defendants, had been examined in the court below, was there adjudged trustee upon his disclosure, and appealed to this court, where he made a further disclosure, and was again adjudged the trustee of the original debtor. On appearing to the present process, which was sued out for an execution *de bonis propriis*, he prayed for leave to disclose still further, alleging that it was impossible that justice should be done by a judgment upon either of his former disclosures. But *Parris J.* who sat in the trial, ruled that

17

Taylor *v.* Day & al.

no further examination could be had ; to which *Turner* took exceptions pursuant to the statute.

*Godfrey*, for the plaintiff, and *J. McGaw* and *Hatch*, for the defendants, submitted the question without argument.

MELLEN C. J. delivered the opinion of the Court.

Upon this *scire facias*, *Turner*, one of the trustees, prays leave
further to disclose, and offers so to do, because he says it is impossible for justice to be done him by a judgment on his former disclosure.   If by such a judgment injustice should be done to any
one, we should certainly regret it, though unable to prevent it.   The
trustee had ample opportunities for disclosing on the original process ; and when judgment was rendered on the disclosure against
him, he might have excepted to the opinion of the judge who pronounced the judgment, and brought the question as to its correctness
before the whole court.   But as to that question, we have not, on
this process, any jurisdiction.   The 9th section of the *Stat.* 1821,
*ch.* 61, is decisive on this point.   The *proviso* of that section is in
these words :—" Provided nevertheless, that where any trustee has
come into court upon the original process, and been examined upon
oath as aforesaid ; and upon such examination, it has appeared to
the court that such trustee had goods, effects or credits of the
principal in his hands, at the time of serving the original writ, such
trustee shall not be again examined upon the *scire facias*, but judgment shall be rendered upon his examination had as aforesaid."
This language is positive, and prescribes our duty in terms which
cannot be misunderstood.   The exception is accordingly overruled,
and there must be

*Judgment for the plaintiff.*